OPINION
PER CURIAM.
Appellants William and Linda Tanchak (“the Tanchaks”) appeal fi-om an order of *730 the District Court that denied their motion for summary judgment and granted in part the Government’s motion for summary judgment. Pursuant to the latter, the District Court ordered that the Government’s tax assessments against William Tanchak be reduced to judgment, that William Tanchak owe accruing statutory interest on that judgment, that federal tax liens attach to all of William Tanchak’s property and rights to property, and that the Tanc-haks pay one-half the rental value of their real property to the Government every month until the judgment is satisfied. We will affirm.
I.
On September 24, 2007, the Government filed an amended complaint against the Tanchaks, seeking to reduce to judgment unpaid federal income tax assessments against William Tanchak for the 1989, 1990, 1991, 1993 and 1994 tax years; as of May 2008, $619,890.05 remained due and owing for those assessments.[1] The Government also sought to foreclose its federal tax liens on William Tanchak’s interest in the real property co-owned by his wife. Specifically, the Government requested that the real property be sold in accordance with the judicial sale provisions of 28 U.S.C. §§ 2001 and 2002. The Government also sought costs and attorney’s fees incurred in the commencement and prosecution of the action against the Tanchaks.
The Government and William Tanchak filed cross-motions for summary judgment. Tanchak moved on the grounds that the Government’s claims were time-barred pursuant to 26 U.S.C. § 6502(a)(1), that he had no taxable income during the years he was assessed deficiencies, that the Government had failed to produce any evidence of his receiving income during the tax years in question, and that the Government should not have been permitted to file its amended complaint. For its part, the Government supported its motion with evidence of the income taxes, interest and penalties in the amounts shown in the tax assessments against William Tanchak, as well the notices of deficiency directly sent to him.
The District Court denied William Tanc-hak’s motion, concluding, among other things, that the Government had filed its original complaint twenty-two days before the applicable ten-year statute of limitations had elapsed. As to the Government’s motion, the District Court concluded that the Government’s tax assessments were entitled to a presumption of correctness, and that William Tanchak’s “self-serving statement that he had no taxable income for the 1989, 1990, 1991, 1993 and 1994 tax years” was insufficient to establish a genuine issue of material fact with regard to the validity or correctness of those assessments. As a result, the District Court granted the motion “insofar as it requests judgment on taxes, but [it] decline[d] to award fees and costs and force a sale of real property.” Instead, the District Court ordered the Tanchaks to “pay over one-half of the imputed rental value of the real property, in the amount of $1,000.00 every month, to [the Government].” The Tanchaks appealed.
II.
We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review of the District Court’s order granting summary judgment. See Allstate Settlement Corp. v. Rapid Settlements, Ltd., 559 F.3d 164, 169 (3d Cir. 2009). Summary judgment is proper *731 where “the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). We view the facts in the light most favorable to the non-mov-ants, and draw all reasonable inferences in their favor. See Allstate Settlement Corp., 559 F.3d at 169. We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir.2000).
III.
In their brief[2] the Tanchaks present two arguments why the District Court erred in partially granting summary judgment for the Government.[3] First, the Tanchaks reassert their contention that the Government’s complaint is time-barred pursuant to the applicable ten-year statute of limitations. Second, the Tanchaks reassert that since William Tanchak “had no income for the years in question,” he is not liable for the unpaid income taxes that the Government has attributed to him. For substantially the reasons provided in the District Court’s opinion, we conclude that both arguments are wholly lacking in merit.
As to their statute of limitations argument, the Tanchaks contend that the relevant dates are March 6, 1995 (when the Government allegedly first performed a Form 4340 assessment for William Tanc-hak), April 6, 1997 (when the Government allegedly revised its Form 4340), and March 29, 2007 (when the Government filed its complaint). The Tanchaks argue that the District Court erroneously relied upon the date when the Form 4340 was allegedly revised in finding that the Government’s complaint was not time-barred. The Tanchaks’ allegations, however, are at odds with the record, which demonstrates that the Tanchaks were not assessed a deficiency for unpaid income taxes until April 21, 1997, and that the March 6, 1995 date refers to the date when the Government filed a substitute tax return on behalf of William Tanchak pursuant to 26 U.S.C. § 6020. (Dist Ct. dkt # 24, Ex. 2., pgs. 8-17); see also 26 U.S.C. § 6501(b)(3) (“the execution of a return by the Secretary pursuant to the authority conferred by [§ 6020] shall not start the running of the period of limitations on assessment and collection”).
The Tanchaks’ argument concerning William Tanchak’s lack of income during the relevant tax years is similarly unfounded. In particular, the Tanchaks’ lament that “[i]t is difficult to document no income,” without more, does not come close to carrying their “burden of proving, by a preponderance of the evidence that [the IRS’s] assessment is erroneous.” Francisco v. United States, 267 F.3d 303, 319 (3d Cir.2001). And as the District Court appropriately noted, the Tanchaks failed to avail themselves of any apparent means for substantiating their contention. *732 (Dist. Ct. Op. at 10) (“Mr. Tanchak ... fails to submit evidence that could controvert the Government’s evidence that he received income from certain delineated sources, such as unemployment and self-employment income. Mr. Tanchak offers no records from the State’s Unemployment Insurance Benefit Claims, for example, to show he never received this form of income”). Therefore, even viewing the facts in the light most favorable to the Tanchaks, and drawing all reasonable inferences in them favor, we are convinced that there are no genuine issues of material fact and that the Government is entitled to judgment as a matter of law.
Accordingly, we will affirm the order of the District Court.

. The Government originally filed its complaint on March 29, 2007. (Dist. Ct. dkt # 1.) On September 21, 2007, the Magistrate Judge granted the Government's motion for leave to file the amended complaint. (Dist. Ct. dkt # 10.)

. Like the District Court, we also take note of a Bob/Robin Vinik purporting to be "on the brief" for the Tanchaks’ filings, all of which were signed, though, by William Tanchak only. (Dist. Ct. dkt # 22, Ex. 1); (Appellant’s Br. at 1); (Appellant’s Reply Br. at 1). We take judicial notice of the fact that Mr. Vinik, who does not appear to be an attorney, has a history of involving himself in law suits to which he is not party, see, e.g., De Vesa v. Dorsey, 134 N.J. 420, 634 A.2d 493, 495 (1993), and strongly caution him against the unauthorized practice of law, should he be so engaged.

. The Tanchaks do not challenge the District Court’s order insofar as it mandates that they pay the Government monthly installments of one-half the rental value of their real property, and therefore this issue is waived. See Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir.1994).